UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMI KALEVA KIVINEN,<br>Plaintiff | CIVIL ACTION NO. 1:20-CV-0870-P |
| VERSUS | JUDGE JOSEPH |
| DHS/ICE, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Sami Kaleva Kivinen ("Kivinen") (A#044753505). Kivinen is an inmate in the custody of the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"), incarcerated at the Pine Prairie Correctional Center ("PPCC") in Pine Prairie, Louisiana. Kivinen complains that he was denied adequate medical care at LaSalle Correctional Center ("LCC") in Jena, Louisiana and at PPCC.

Because Kivinen cannot establish that he suffered a constitutional violation regarding his medical care or the conditions of his confinement, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE, and the Court should decline to exercise supplemental jurisdiction over Kivinen's negligence claim.

I. **Background**

Kivinen alleges that on October 15, 2019, he slipped and fell in water from the air conditioning unit at LCC. Kivinen alleges that he broke or tore "the tendon at fibular area." ECF No. 1 at 5. Kivinen states that he made several complaints about

the air conditioning system throughout the year, but the problem was never corrected. ECF No. 1 at 5.

Kivinen alleges that, on October 17, 2019, he was examined by Dr. Samantha Morales, who is employed by the United States Public Health Services. ECF No. 1 at 5.[1] On December 4, 2019, Kivinen was examined by Nurse Practitioner ("NP") Price for an annual physical exam. ECF No. 1-2 at 4. Kivinen alleges that he requested an x-ray of his arm. ECF No. 1 at 5. Medical records indicate that Kivinen had been taking ibuprofen 800mg as need three times per day. ECF No. 1-2 at 4. Kivinen was prescribed acetaminophen 325mg, 2 tablets as needed. ECF No. 1-2 at 7. He was instructed to "apply warm compresses to loosen muscle 4 times daily for 15 minutes," to perform stretching exercises, and to avoid strenuous activity or heavy lifting. ECF No. 1-2 at 7.[2]

On December 27, 2019, Kivinen was transported to LaSalle General Hospital for an x-ray of his elbow. There was no evidence of fracture, dislocation, degenerative disease, or joint effusion. ECF No. 1 at 5; 1-2 at 11-2.

Kivinen alleges that he was examined by Dr. Morales On January 6, 2020. Dr. Morales was awaiting results from an imaging center. ECF No. 1 at 6.

---

[1] Medical records indicate that Kivinen was also receiving treatment for headache, otitis externa, gastro-esophageal reflux disease, lumbago with sciatica, and ataxia. ECF No. 1-2 at 2.

[2] Medical records also indicate that Kivinen was being treated for dorsalgia, headache, and helicobacter pylori.

Kivinen alleges that he was examined by NP Price again on January 14, 2020. ECF No. 1 at 6. Kivinen alleges that Nurse Practitioner Price denied him "pain management." *Id.*

On January 16, 2020, Kivinen was transferred to Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. ECF No. 1 at 6. He was examined by Nurse Raymond Sharp, who noted that Kivinen was taking ibuprofen 800mg as needed. ECF No. 1-2 at 9.[3]

On January 20, 2020, Kivinen was examined by NP Elijah Boothe at CCC. Later that afternoon, when Kivinen stretched, he felt something tear in his right bicep. ECF No. 1 at 6. Kivinen made a request for medical care.

On January 22, 2020, Kivinen was examined by Nurse Angela Childers. She provided Kivinen with ice packs and a bandage to wrap the injury. ECF No. 1 at 6; 1-2 at 13. Two days later, an x-ray was taken. ECF No. 1 at 6; 1-2 at 17. The x-ray results were normal. ECF NO. 1-2 at 17.

On January 27, 2020, Kivinen was examined at CCC and prescribed ibuprofen 800mg, as needed. ECF No. 1-2 at 15.

On January 28, 2020, an MRI was ordered by NP Kimberly Fannin. ECF No. 1 at 6. The MRI was approved on January 30, 2020. ECF No. 1-2 at 17.

---

[3] Medical records also indicate that Kivinen was taking famotidine 20mg, diphenhydramine HCL 25mg, and aluminum-magnesium simethicone 200-200-20 mg/5ml suspension. ECF No. 1-2 at 9.

3

Kivinen was transported for the MRI on February 5, 2020. According to the nurse's notes, Kivinen would not fit in the machine. ECF No. 1-2 at 18. A new request was made for an MRI at an open-air clinic. ECF No. 1-2 at 18.

The MRI was conducted on February 26, 2020, revealing a ruptured biceps tendon, coiled biceps tendon, and tear of the myotendinous junction of the biceps. ECF No. 1 at 7. The MRI also indicated "Mild edematous signal of the common extensor and flexor tendons that may represent some degree of epicondylitis." ECF No. 1 at 7. Kivinen was referred to ortho for further treatment by NP Fannin. ECF No. 1-2 at 14.

Kivinen was examined on February 27, 2020, at which time he was referred to the gastrointestinal clinic for chronic diarrhea. ECF No. 1-2 at 15.

An orthopedic appointment was scheduled, and on March 10, 2020, Kivinen was evaluated by Dr. Vanda L. Davidson at Rapides Regional Medical Center. ECF No. 1-2 at 20. Dr. Davidson recommended physical therapy and scheduled a follow-up appointment for April 9, 2020. ECF No. 1 at 7; 1-2 at 21. NP Fannin wrote an order for an appointment to be made for a physical therapy evaluation. ECF No. 1-2 at 21.

On March 10, 2020, Kivinen also made a sick call for a dental cleaning and fillings. ECF NO. 1-2 at 21.

On March 11, 2020, Medical Clerk Megan Owens called LaSalle General Hospital Outpatient Therapy Department to schedule an evaluation for Kivinen. ECF No. 1-2 at 22. The evaluation was initially scheduled for March 18, 2020. ECF

4

No. 1-2 at 22. However, Kivinen had an appointment scheduled at the Finnish Embassy in New York.[4] ECF No. 1-2 at 22.

On March 16, 2020, Kivinen was transferred to the ICE Processing Center and flown to New York for his meeting at the Finnish Embassy. ECF No. 1 at 7. According to Kivinen, the appointment never took place, and he was returned to Louisiana. *See id.*

On March 28, 2020, Kivinen was transferred to PPCC and evaluated by Nurse Caitlin Chenevert. He alleges that he received no pain management. ECF No. 1 at 7. Kivinen alleges that he missed a follow-up appointment at Rapides Regional Medical Center on April 21, 2020. *See id.* On May 20, 2020, Kivinen missed another appointment because he was ill. *See id.*

On June 15, 2020, Kivinen had an appointment with Dr. Heinen at PPCC. Dr. Heinen allegedly told Kivinen that his injury was not repairable due to "time elapse." ECF No. 1 at 7.

## II. Law and Analysis

### A. Kivinen's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Kivinen is a detainee who has been granted leave to proceed *in forma pauperis*. ECF No. 7. As a prisoner seeking redress from an officer or employee of a governmental entity, Kivinen's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir.

---

[4] Kivinen did not attach nurse's notes after March 13, 2020, so it is unknown whether the appointment was rescheduled.

1998) (per curiam). Because he is proceeding *in forma pauperis*, Kivinen's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Kivinen cannot state a claim for unconstitutional denial of medical care.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837. An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

6

clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Kivinen has not presented factual allegations indicating that any Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. In fact, Kivinen provided 40 pages of medical records indicating that he received regular evaluations and treatment, two x-rays, and an MRI. He was prescribed ibuprofen and acetaminophen. He also received documented treatment for other ailments. ECF No. 1-2.

Kivinen clearly disagrees with the treatment he received. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *See Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997) (deliberate indifference is not established when medical records indicate that the plaintiff was afforded extensive medical care by prison officials); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Even if Defendants failed to provide physical therapy recommended by the orthopedist, this does not constitute deliberate indifference. A "doctor's failure to follow the advice of another doctor suggests nothing more than a difference in medical opinion." *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999) (prison doctor did not follow local surgeon's recommendation that prisoner be transferred to another facility to receive physical therapy); *Clifford v. Doe*, 303 F. App'x 174, 175 (5th Cir.

2008); *Stafford v. Kelly*, 4:09-CV-133, 2011 WL 2633034, at *2 (N.D. Miss.) ("The fact that one doctor recommended a particular course of treatment and that the treatment was not provided is no evidence of deliberate indifference. It merely shows that there was a difference of opinions between doctors."). It appears that the evaluation for physical therapy was canceled due to Kivinen's scheduled meeting in New York rather than deliberate indifference.

Moreover, Kivinen fails to state a claim for which relief can be granted against employees of the United States Public Health Service ("PHS"), the United States, or ICE. Claims for the violation of constitutional rights against federal officers or employees arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[5] However, the Public Health Service Act, 42 U.S.C. § 233(a), precludes *Bivens* claims against officers or employees of the PHS. *See Hui v. Castaneda*, 559 U.S. 799 (2010). Also, *Bivens* does not provide for a cause of action against the United States, *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999), or a federal agency such as ICE, *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995).

### C. Kivinen cannot recover damages for his fall or conditions of his confinement.

To state a claim for unconstitutional conditions of confinement, a prisoner must allege an objectively "sufficiently serious" deprivation that results in the denial

---

[5] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. The Fifth Circuit has explained: "While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Pursuant to the Supreme Court's decision in *Sandin v. Conner*, courts must determine whether the challenged condition amounts to a significant and atypical hardship on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Both the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that "slip and fall" negligence claims are not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Smith v. Leonard*, 242 F. App'x 139 (5th Cir. 2007); *McLaughlin v. Farries*, 122 F. App'x 692, 693, 2004 WL 2030365 (5th Cir. 2004) (rejecting a claim that the defendants knew of and failed to clean up a leaky air conditioner, resulting in a slip and fall in accumulated water); *Benton v. Grant*, 31 F. App'x 160, 2001 WL 1751477, at *1 (5th Cir. 2001) (denying relief in a case wherein the plaintiff complained that jail officials "knew about the leak in the ceiling but failed to repair it," resulting in a slip-and-fall injury, holding that "at most, Benton alleges a claim of negligence, which is not actionable under 42 U.S.C. § 1983."); *Marsh v. Jones*, 53 F.3d 707, 711–712 (5th Cir. 1995) (inmate's alleged damages stemming from a slip-and-fall due to a leaky air conditioning unit

9

not actionable under § 1983); *Davis v. United States*, 3:08-CV-1397, 2008 WL 5330788, at *3 (N.D. Tex. Dec. 19, 2008) ("Plaintiff's single slip and fall incident does not allege, by any stretch of the imagination, a constitutional conditions of confinement claim."). The leaking air conditioner did not pose a significant or atypical hardship in relation to the ordinary incidents of prison life.

### D.  The Court should decline to exercise supplemental jurisdiction.

Finally, to the extent that Kivinen seeks to invoke the supplemental jurisdiction of this Court over a potential state law negligence claim, the claim should be denied. A district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. *See* 28 U.S.C. § 1367. Since it is recommended that Kivinen's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### III.  Conclusion

Because Kivinen cannot establish that he suffered a constitutional violation regarding his medical care or the conditions of his confinement, IT IS RECOMMENDED that his Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A. IT IS FURTHER RECOMMENDED that the Court decline to exercise supplemental jurisdiction over Kivinen's negligence claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE